UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARBARA CHALMERS** | * | CIVIL ACTION NO: 2:13-cv-20 |
| | * | |
| **VERSUS** | * | SECTION " " |
| | * | |
| **441 ROYAL, L.L.C AND GEORGE AMMARI** | * | |
| **D/B/A ROYAL HOUSE RESTAURANT** | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT, through undersigned Counsel, COMES Plaintiff, Barbara Chalmers, a person of the full age of majority and a resident of and domiciled in the Berlin, Ohio, and she respectfully represents the following:

### I. JURISDICTION

1. This Court has jurisdiction over this action pursuant to its diversity jurisdiction in that the matter in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs, and it is between citizens of different states.

### II. VENUE

2. This Court is a proper venue for this action pursuant to 28 U.S.C. Section 1391(a) in that some of the salient events giving rise to Plaintiff's claims occurred in the Eastern District of Louisiana, and Defendants are subject to personal jurisdiction in this Court.

### III. PARTIES

3. At all times relevant hereto, Plaintiff, Barbara Chalmers, was a person of the full age of majority and a resident of and domiciled in Berlin, Ohio, and she represents the following:

4. At all times relevant hereto, Defendant, 441 Royal, L.L.C., was a Louisiana Liability Company with its domiciled and principal place of business located in Jefferson Parish, Louisiana.

5. At all times relevant hereto, Defendant, George Ammari D/B/A Royal House Restaurant, was a resident of and domiciled in Jefferson Parish, Louisiana.

## IV. STATEMENT OF THE FACTS

6. On February 18, 2012, at approximately 11:00 a.m., Plaintiff, Barbara Chalmers, her husband, and minor child were invitees at Royal House Restaurant which is located at 441 Royal Street, New Orleans, Louisiana.

7. While at Royal House Restaurant, which is located at 441 Royal Street, New Orleans, Louisiana, Plaintiff, Barbara Chalmers, took her son to the restaurant.

8. While en route to the restroom with her minor son, Plaintiff, Barbara Chalmers, slipped and fell on water which was on the floor near the restrooms.

9. Just prior to the Plaintiff slipping and falling, an employee of Royal House Restaurant had mopped the floor which Plaintiff slipped and fell, and the wet floor which caused Plaintiff to slip and fall was caused by the employee mopping the floor.

10. When Plaintiff slipped and fell on the wet floor, the employee of Royal House Restaurant was in the vicinity of the wet spot where the accident occurred.

11. The employee of Royal House Restaurant who had mopped the floor and left the wet spot on the floor also negligently failed to place any sign warning the Plaintiff that the floor where she slipped and fell was wet.

12. Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, are legally liable unto Plaintiff pursuant to Louisiana Civil Code Article 2317.1 because the wet floor where Plaintiff slipped and fell constituted a vice and/or defect about which Defendants had actual and/or constructive knowledge and said vice and/or defect, which could have been easily removed by Defendants, was the sole and proximate cause of Plaintiff's damages.

13. Additionally and alternatively, Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, are legally liable unto Plaintiff pursuant to R.S. 9:2800.6 for the following non-exclusive reasons:

   A. Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, created and had actual and/or constructive knowledge of the wet spot on the floor where Plaintiff slipped and fell;

   B. The wet spot on the floor where Plaintiff slipped and fell constituted an unreasonable risk of harm which was foreseeable;

   C. Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, failed to exercise reasonable care to eliminate the unreasonably dangerous wet spot and/or to warn the Plaintiff about the unreasonably dangerous wet spot where Plaintiff slipped and fell despite having actual and/or constructive knowledge of the unreasonably dangerous condition created by the wet spot on the floor; and

D. The failure of Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, to exercise reasonable care to eliminate and/or to warn the Plaintiff about the unreasonably dangerous wet spot where Plaintiff slipped and fell, which Defendants could easily have done, was the sole legal and proximate cause of the damages about which Plaintiff complains herein.

14. At all times relevant hereto, the employee of Royal House Restaurant who mopped the floor and who thereby created the unreasonably dangerous wet spot where Plaintiff slipped and fell was acting in the course and scope of his employment with Royal House Restaurant and as a result, Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, are legally liable for his actions about which Plaintiff complains herein.

15. As a result of the actions of Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, about which Plaintiff complains here, Plaintiff, Barbara Chalmers, has suffered damages for which Plaintiff seeks monetary compensation in the following areas:

| | | |
|---|---|---|
| A. | Physical Pain and Suffering | $150,000.00 |
| B. | Mental Anguish and Emotional Distress | $50,000.00 |
| C. | Loss of Income and Loss of Earnings Capacity | $100,000.00 |
| D. | Medical Expenses | $50,000.00 |
| E. | Loss of Enjoyment of Life | $25,000.00 |
| F. | Permanent Disability | $50,000.00 |
| **TOTAL** | | **$425,000.00** |

16.   PLAINTIFF, BARBARA CHALMERS, DEMANDS A TRIAL BY JURY ON ALL ISSUES.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Barbara Chalmers, respectfully prays that after due proceedings are conducted and after all legal delays have expired that this Honorable Court render a judgment herein in her favor and against Defendants, 441 Royal Street, L.L.C. and George Ammari D/B/A Royal House Restaurant, *in solido,* in an amount supported by the evidence, plus legal interest from the date of judicial demand and her costs herein.

Respectfully Submitted,

/s/ Clement P. Donelon
CLEMENT P. DONELON, (LA. BAR #4996)
3900 N. Causeway Blvd., Suite 1470
One Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 887-0077
Facsimile: (504) 887-0078
Cpdlaw@aol.com
Clem1@cpdlaw.net
Counsel for Plaintiff